IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARTHA KEPHART,<br><br>　　Plaintiff,<br><br>　　v.<br><br>AMERICAN HOME MORTGAGE,<br>and MCCURDY & CANDLER, LLC,<br><br>　　Defendants. | CIVIL ACTION FILE<br><br>1:10-CV-02660-TWT-GGB |

**FINAL REPORT AND RECOMMENDATION AND ORDER**

This action is before the Court on Defendants American Home Mortgage Servicing, Inc. (incorrectly named as "American Home Mortgage") and McCurdy & Candler, LLC (collectively "Defendants") motion to dismiss the Complaint (Doc. 2) and motion to stay deadlines (Doc. 3). For the reasons stated below, I **RECOMMEND** that Defendants' motion to dismiss be **GRANTED**. I also **GRANT** Defendants' motion to stay.

**I.    Procedural History**

This matter arises from a non-judicial foreclosure pertaining to Plaintiff Martha Kephart's ("Plaintiff's") real property located at 243 West Hill Street, Decatur, Georgia 30030 ("the Property"). On or about March 27, 2006, Plaintiff executed and conveyed a Security Deed to Mortgage Electronic Registration Systems, Inc.

AO 72A
(Rev.8/82)

("MERS") in the original principal amount of $202,000.00 for the purchase of the Property. On or about January 25, 2010, MERS assigned the Security Deed to American Home Mortgage Servicing, Inc. ("AMH"), which was recorded in the public records of DeKalb County, Georgia on February 4, 2010. Plaintiff attempted to obtain a mortgage loan modification agreement from AMH, which was denied on June 30, 2010. The foreclosure sale of the Property was scheduled to take place on July 6, 2010.

Plaintiff, who is proceeding pro se, commenced the underlying action in DeKalb County Superior Court on July 1, 2010. Plaintiff's "Verified Emergency Petition for Temporary Restraining Order and/or Preliminary Injunction" requested that the Court stop Defendants from conducting a foreclosure sale on July 6, 2010. (Doc. 1-3.) Judge Mark Anthony Scott issued an order dated July 1, 2010 granting Plaintiff's request for a temporary restraining order and setting a hearing date of July 23, 2010. (Doc. 1-4.) According to Defendants' brief, Plaintiff did not appear for the July 23, 2010 hearing, and Defendants were never served with the order or made aware of the hearing. (Doc. 2-1 at 2.) Defendants removed the action to federal court on August 24, 2010. (Doc. 1.)

Thereafter, Defendants filed a motion to dismiss the complaint for failure to state a claim (Doc. 2) and a motion to stay deadlines (Doc. 3). To date, Plaintiff has

not filed responses to the motions or otherwise corresponded with the Court. Local Rule 7.1(B) provides that "[f]ailure to file a response shall indicate that there is no opposition to the motion." LR 7.1(B), NDGa. Therefore, the motions are deemed unopposed. Welch v. Delta Air Lines, Inc., 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).

## II.   Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint on the ground that the plaintiff has failed to state a claim upon which relief can be granted. In order to survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)); Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009).

In Iqbal, the Supreme Court recently clarified the pleading standard for civil actions, stating:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

3

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Id. at 1949 (citations and internal quotation marks omitted).

The Iqbal Court went on to instruct that, while a court must accept all factual allegations in a complaint as true, it need not accept as true legal conclusions recited in a complaint. Repeating that "only a complaint that states a plausible claim for relief survives a motion to dismiss," the Supreme Court then advised that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (other citations omitted). All reasonable inferences are to be made in favor of the plaintiff. Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993).

AO 72A
(Rev.8/82)

### III. Discussion

Because Plaintiff is proceeding pro se, her Complaint must be "liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id.; see also Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice").

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act and Georgia state law by failing to provide Plaintiff with proof of the mortgage debt and failing to provide Plaintiff with any correspondence relating to her attempts at modifying her loan or additional modification options that may be available to her under various programs. Plaintiff claims that Defendants have acted in bad faith, and allowing the foreclosure sale to proceed would "not only expose Plaintiff to potentially ruinous financial liability, but would also be a direct violation of The Due Process Clause, and numerous Constitutional guarantees concerning property." (Doc. 1-3 at 4.) Plaintiff further seeks an order compelling Defendants to produce the "original promissory note," "verification of the loan number and the use of the correct loan number in any proceeding henceforth," and "validation of the alleged debt." Id. Defendants assert that Plaintiff's claims for relief are "devoid of any factual or legal support." (Doc. 2-1 at 4.) Additionally, Defendants contend that they do not fall

5

within the scope of the Fair Debt Collection Practices Act because they are not "debt collectors" as defined in the Act and "foreclosing on a security interest is not debt collection activity for purposes of § 1692(g)." (Doc. 2-1 at 6-10.)

Foreclosing on a security interest is not a debt collection activity for purposes of § 1692(g) of the FDCPA. Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458, 460 (11th Cir. 2009). Additionally, mortgage companies and their servicing divisions, are not "debt collectors" as defined by the FDCPA when they are collecting their own debts as opposed to the debts due to another. See e.g., In re Cooper, 253 B.R. 286, 291 (Bankr. N.D. Fla. 2000) (direct collection actions by creditors on their own debt do not fall within the scope of the FDCPA). Because American Home Mortgage was pursuing its own debt and foreclosing on a security interest, Defendants' activities do not fall within the ambit of the FDCPA, and Plaintiff fails to state a claim under the FDCPA. Therefore, I **RECOMMEND** that Defendants' Motion to Dismiss (Doc. 2) be **GRANTED**.

IV.   Conclusion

Based on the foregoing reasons, I **RECOMMEND** that Defendants' motion to dismiss (Doc. 2) be **GRANTED**. I also **GRANT** Defendants' motion to stay pretrial deadlines (Doc. 3).

AO 72A
(Rev.8/82)

**IT IS SO ORDERED AND RECOMMENDED**, this 23rd day of February, 2011.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE